TODD W. BURNS
California State Bar No. 194937
todd@burnsandcohan.com
Burns & Cohan, Attorneys at Law
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 236-0244
Facsimile: (619) 768-0333

Counsel for James Dolan

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | Case No. 17-cr-0623-JLS |
| )                             Plaintiff, ) | |
| ) vs. ) | |
| DAVID NEWLAND, *et al.*,             ) | Date: November 18, 2021 |
| )                             Defendant. ) | Time: 9:00 a.m. |

DEFENDANTS' JOINT[1] SUPPLEMENTAL MOTION *IN LIMINE* TO COMPEL DISCOVERY, OR, ALTERNATIVELY, TO AUTHORIZE ISSUANCE OF PRE-TRIAL SUBPOENA *DUCES TECUM*

---

[1] This supplemental motion *in limine* is being filed jointly by Defendants David Newland, James Dolan, David Lausman, Steven Shedd, Mario Herrera, and Bruce Loveless.

# TABLE OF CONTENTS

*Page*

NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* ............... 1

THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE COPIES OF RECORDINGS OF LEONARD FRANCIS INTERVIEWS, OR PERMIT THE DEFENDANTS TO ISSUE A PRETRIAL SUBPOENA *DUCES TECUM* COMPELLING THEIR PRODUCTION ..................... 1

    I.    Introduction ........................................... 1

    II.    The Government Should Be Compelled To Produce Copies Of The Recorded Interviews In Discovery ........................... 2

    III.    If The Government Is Not Required To Produce Copies Of The Interviews In Discovery, The Defendants Should Be Authorized To Issue A Pre-Trial Subpoena *Duces Tecum* To The Podcast's Producer ............................................. 3

    IV.    Conclusion ........................................... 5

CONCLUSION ...................................................... 6

**NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE***

At the date and time set out above, the Defendants will move the Court to grant a supplemental motion *in limine* to compel discovery, or authorize issuance of pre-trial subpoena *duces tecum* compelling production, of recorded interviews of government cooperator Leonard Francis. That motion is addressed below.

**THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE COPIES OF RECORDINGS OF LEONARD FRANCIS INTERVIEWS, OR PERMIT THE DEFENDANTS TO ISSUE A PRETRIAL SUBPOENA *DUCES TECUM* COMPELLING THEIR PRODUCTION**

## I.   Introduction

On September 22, 2021, the government sent a letter to defense counsel that stated:

> I write to let you know that on September 20, 2021, we were informed that Mr. Leonard Francis, a potential witness in the upcoming trial in *United States v. Newland, et al.*, has been interviewed by a media outlet producing a podcast. The trailer for the podcast is available here: https://www.youtube.com/watch?v=AY63bgtUDBw.
>
> The United States has no further information about the circumstances of those interviews. The United States does not have copies or transcripts of those interviews, nor do we know the content of those interviews other than what has been released publicly, including in the attached press release.

Exh. A. As stated, the government's letter was accompanied by a press release describing the podcast, which is a nine-part series.

The first two episodes were released on October 5, 2021, the third was released on October 12, and the fourth was released on October 19. The remaining five episodes are slated to be released on a weekly basis going forward. The trailer and the episodes released so far indicate that the podcast's creator, Tom Wright, interviewed Mr. Francis for twenty hours, and those interviews were audio and video recorded. The first four episodes contain scores of audio excerpts of the interviews, in which Mr. Francis discusses the facts underlying this case at length. Accordingly, the Defendants seek copies of those interviews. Their primary request is that the Court order the government to produce copies of the interviews in discovery. Failing

that, the Defendants seek authorization to issue a pre-trial subpoena *duces tecum* to the producer of the podcast, Audiation, Inc., requiring production of copies of the Francis interviews. Each of these motions is addressed below.

**II.   The Government Should Be Compelled To Produce Copies Of The Recorded Interviews In Discovery**

Federal Rule of Criminal Procedure 16 obligates the government to produce in discovery materials that are "within [its] possession, custody, or control and . . . [are] material to preparing the defense." Mr. Francis will be the government's key trial witness, and there is no gainsaying that his hours of statements regarding the conduct underlying the charges in this case are "material to preparing the defense." However, to obviate itself of responsibility to produce copies of the Francis interviews in discovery, the government asserts in its September 22, 2021 letter that it "does not have copies or transcripts of those interviews." That leaves open the question of whether the recordings are within the government's "custody, or control." The answer is yes.

To begin with, it is Defendants' understanding that although Mr. Francis is on a "medical furlough," he is nonetheless in government custody. Thus, if Mr. Francis possesses copies of the subject interviews, the government likewise possesses those copies, because it "possesses" Mr. Francis.

Alternatively, paragraph two of the cooperation portion of Mr. Francis's plea agreement requires him to "produce all non-privileged documents *and other evidence* in [his] *possession or control* related to" his criminal conduct. If Mr. Francis has, or can even obtain from someone else (*e.g.*, the podcast producers, his attorneys), copies of those interviews, those recordings are within his "possession or control." And because the government can compel Mr. Francis to produce those recordings, they are also in the government's control, and thus must be produced in discovery under Rule 16.

Accordingly, the government cannot slip its discovery obligations with respect to the recorded interviews by simply saying it "does not have copies or transcripts of those interviews." If the government can obtain such copies, it must do so and produce them in discovery, and the Defendants move the Court to order the government to do so. *Cf. United States v. Kojayan*, 8 F.3d 1315, 1217-18 (9th Cir. 1993) (holding that it was prosecutorial misconduct for prosecutor to tell jury that the Fifth Amendment right to silence prevented the government from calling a witness at trial, when the government had a cooperation agreement with that witness that required the witness to testify if called by the government).

### III. If The Government Is Not Required To Produce Copies Of The Interviews In Discovery, The Defendants Should Be Authorized To Issue A Pre-Trial Subpoena *Duces Tecum* To The Podcast's Producer

Alternatively, the Defendants request leave to issue a pre-trial subpoena *duces tecum* compelling the podcast producer, Audiation, Inc., to produce copies of the interview recordings consistent with the procedures of Criminal Local Rule 17.1(b).

Federal Rule of Criminal Procedure 17(c) allows a party to seek pre-trial production of "books, papers, documents, data, or other objects." The Rule is flexible and is designed to encourage parties to bring documents into court "in advance of the time that they are offered in evidence, so that they may then be inspected in advance, for the purpose . . . of enabling the party to see whether he can use [them] or whether he wants to use [them].'" *See United States v. Nixon*, 418 U.S. 683, 699 n .11 (9174) (quoting *Bowman v. United States*, 341 U.S. 214, 220 n.5 (1941); *see also Remmer v. United States*, 205 F.2d 277, 284 (9th Cir. 1953) ("the purpose of motions of this type is to expedite the proceedings and enable a defendant adequately to prepare his defense").

In *Nixon*, the Court cited a four-factor test taken from *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), but then established a three-factor test for analyzing the propriety of issuing a Rule 17(c) subpoena: relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 699-700; *see also United States v. Libby*, 432 F.

Supp. 2d 26, 31 (D.D.C. 2006) ("Guided by [the *Iozia*] factors, the Supreme Court in *Nixon*" established a three-part test for production of documents under Rule 17(c)). The Defendants satisfy each of the three factors.

Under the first *Nixon* factor, an item is "relevant" if it has any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Libby*, 432 F. Supp. 2d at 31 (noting relevance test is based on Fed. R. Evid. 401 definition). Under this standard, Mr. Francis's hours of interview statements about the facts involved in this case are relevant.

The second *Nixon* factor, admissibility, is also informed by the Federal Rules of Evidence. But "it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents; therefore, if a document [or other item sought] is arguably relevant and admissible under the Rules of Evidence, the *Nixon* 'evidentiary' requirement is likely satisfied." *Libby*, 432 F. Supp. 2d at 31; *see also United States v. Orena*, 883 F. Supp. 849, 868 (E.D.N.Y. 1995) (defendant need only establish that documents are "potentially admissible" to satisfy *Nixon*); *Nixon*, 418 U.S. at 700 (requiring only "preliminary showing" that items sought contained admissible evidence). There is no doubt that at least some of Mr. Francis's statements will be admissible at trial. That satisfies *Nixon*'s second prong.

The final *Nixon* prong is specificity, though "exquisite specificity is not required." *Libby*, 432 F. Supp. 2d at 31 (quoting *Nixon*, 418 U.S. at 700); *see also United States v. Olin Mathieson Chem. Corp.*, 36 F.R.D. 18, 22 (S.D.N.Y. 1964) (because "it is not always easy to particularize a demand in such a way as to negate all non-evidentiary documents," the "degree of particularity must necessarily vary with the facts of every case"). "Because [the Defendants have] not yet [reviewed the interview recordings], it would be unreasonable to expect a more detailed connection to be provided between the contents of the [recordings] and the ultimate fact issues in the case." *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981). But the

4

request here is specific: copies of any recordings (audio and visual) of Mr. Francis's interviews with the podcast's creators/producers.

Finally, it bears noting here that the government does not have standing to oppose issuance of a subpoena *duces tecum* issued to Audiation, Inc. One of the "irreducible constitutional" requirements of standing is that a party be faced with an "injury in fact" that is "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of the Wildlife*, 504 U.S. 555, 560 (1992). Accordingly, a party only has standing to oppose issuance of a subpoena *duces tecum* to a non-party if compliance with the subpoena would somehow impact the objecting party's legitimate interests. *See United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997). In some cases, "a claim of privilege or a proprietary interest in the subpoenaed documents is a legitimate interest sufficient to confer standing." *United States v. Ail*, 2007 WL 1229415, *4 (D. Ore. 2007). However, the government has no such interest here, nor is there any basis for extending standing beyond the two situations mentioned. *See United States v. Reyes*, 162 F.R.D. 468, 470-71 (S.D.N.Y. 1995) (holding that standing to object to Rule 17(c) subpoenas directed to non-party must be based on privilege or proprietary interest); *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985) (holding no standing to object to subpoena absent proprietary interest).

**IV.   Conclusion**

For the foregoing reasons, the Court should either order the government to produce copies of the recordings or permit the Defendants to issue a subpoena requiring Audiation, Inc., to produced copies of those recordings, under the procedures set out in Criminal Local Rule 17.1(b).

//
//
//

# CONCLUSION

For the foregoing reasons, the Defendants request that the Court grant the motion discussed above.

Respectfully submitted,

Date: October 21, 2021

*/s/ Todd W. Burns*
Counsel for James Dolan

*/s/ Joseph Dominic Mancano*
Counsel for David Newland

*/s/ Robert E. Boyce*
Counsel for David Lausman

*/s/ David S. Wilson*
Counsel for Stephen Shedd

*/s/ Michael Crowley*
Counsel for Mario Herrera

*/s/ Thomas Peter O'Brien*
*/s/ Nicole Lueddeke*
*/s/ Daniel Prince*
Counsel for Bruce Loveless

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon counsel for all parties via CM/ECF.

Date: October 21, 2021

*/s/ Todd W. Burns*
Burns & Cohan, Attorneys at Law
1350 Columbia St., Suite 600
San Diego, California, 92101
Phone:  619-236-0344
Fax:  619-768-0333
Email: todd@burnsandcohan.com